26　315
31　549

## No. 2969.

## JIM GILBREATH *v.* THE STATE.

1. PRACTICE—EVIDENCE—DEPOSITIONS.—It is a settled rule of practice in this State that the prosecution may reproduce by oral testimony the evidence delivered upon the examining trial, after making competent and sufficient proof that the witnesses whose evidence it is proposed to reproduce are non residents of the State, and that, since the examining trial, their depositions taken upon that trial have been lost or destroyed.

2. SAME.—The exclusion of testimony that is immaterial to any issue in the case is not error.

APPEAL from the District Court of Wise. Tried below before the Hon. G. A. McCall.

The conviction in this case was for the embezzlement of Boone Halford's horse, and the penalty assessed was a term of five years in the penitentiary.

W. T. Kelley was the first witness for the State. He testified that he lived in Whitesboro, Grayson county. The witness was at the house of Boone Halford, near White Bead Hill, in the Indian territory, early in the spring of 1885, and at that time and place met the defendant and John Clements and John Hodge, who had just arrived from Texas. The witness and Boone Halford left the said Halford's house, to be gone a day or two, leaving there the defendant and John Clement and John Hodge, and the horse described in the indictment. When they returned the said parties and the said horse were gone. Witness once owned the horse mentioned in the indictment, and knew him well. As soon as he returned to Halford's house, the witness was informed that the said horse was ridden away by the defendant. In the following December, the witness went with Boone Halford to Wise county, to help him recover the said horse. They found the animal in the possession of T. R. Allen, in said Wise county, and Boone Halford recovered him only by a law suit. The witness had attended this court, to testify in this case, seven different times. He knew Boone Halford, Georgia Halford, C. J. Clement and Holmes Barger, all of which parties reside in the Indian territory, and were at home at this

time.   The said Halford, C. J. Clement and Holmes Barger had attended this court, to testify in this case, four different times, but were not in attendance upon this trial.   Halford sued Allen in the justice's court of Wise county, and recovered judgment for the horse.   Allen appealed from that judgment to the county court, and, pending that appeal, the case was compromised by Halford paying the costs in the case and taking the horse.

J. W. Embry testified, for the State, that in 1886 he was justice of the peace of precinct number one, of Wise county, Texas. In January or February of that year, the defendant was tried before the witness, sitting as an examining court, under a complaint charging him with the offense that is now on trial. R. E. Carswell was then the county attorney of Wise county. He was present at the said examining trial, represented the State, and wrote down the testimony of the witnesses.   Boone Halford, Georgia Halford, C. J. Clements and Holmes Barger testified on that trial as witnesses for the State, and were cross examined by the defendant.   The several witnesses swore to their said testimony after it was reduced to writing and had been read by them.   They then signed their several written statements, and the witness, in the presence of the defendant, and in open court, certified to the same according to law.   The witness, after the said trial, delivered the written proceedings of that trial, including the testimony of the said witnesses, to the clerk of the district court, and had seen no part of it since. Witness remembered the substance of the testimony of Georgia Halford, C. J. Clement and Holmes Barger, as delivered on the said examining trial, but did not remember all of the testimony of Boone Halford.   According to the witness, Holmes Barger, C. J. Clement (who appears to have been the wife of John Clement) and Mrs. Georgia Halford testified, on the said examining trial, that the defendant and John Hodge came to the Indian Territory in the spring of 1885, John Clement helping them move their stock and effects from Wise county, Texas. Defendant and Hodge stopped and stayed at the house of Boone Halford for several days.   The said Halford and W. E. Kelley, who was then at his house, left the place to be gone for a few days.   During the absence of Halford and Kelley, the defendant and Hodge announced their intention of returning to Wise county, Texas, for some purpose.   Defendant, having no horse, requested the loan of one of Halford's horses.   After some objection, Mrs. Georgia Halford loaned him the horse described in

the indictment to ride to Wise county, Texas, upon the express agreement that it was to be returned within fifteen days. Defendant then rode the horse off, in company with Hodge, and never afterwards returned the horse.

County Attorney Carswell, who represented the State on the said examining trial, testified substantially as did the witness Embry, as to the testimony of Holmes Barger, Mrs. C. J. Clement and Mrs. Georgia Halford on the examining trial. Boone Halford, according to the witness, testified on that trial that when he and Kelley got home, as stated by Kelley, he was informed that defendant and Hodge had gone back to Texas, and that defendant had borrowed and ridden off the horse described in the indictment. He wrote several letters to defendant, demanding the return of the horse, but the animal was never returned by defendant or Hodge, and at last was recovered by law suit from T. R. Allen, of Wise county, who claims to have bought it. Defendant nor Hodge had no authority from Halford to convert or appropriate the said horse to their own use.

T. R. Allen testified, for the State, that during the spring and summer of 1885 he often saw the horse described in the indictment in the possession of the defendant and John Hodge. Witness bought the said horse from Doctor O'Kelly, who bought him from Hodge. The said Hodge claimed to have bought the horse from the defendant and defendant told the witness that he sold the said horse to Hodge. Halford claimed the horse in December, 1885, and sued witness for and recovered him.

The defense offered no evidence other than that rejected by the court and which is referred to in the opinion and the second headnote of this report. It was to the effect that the proposed witness (Gage) saw the horse in the possession of John Clement and the defendant, in Wise county, Texas, after the date of the alleged embezzlement, but before the complaint against the defendant was filed, and on that occasion the said John Clement told the witness that he had sold the said horse to the defendant.

*W. H. Bullock* and *G. W. Trenchard,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE.    This is a conviction for embezzlement of a horse.

It appears that there had been an examination into this charge before a justice of the peace, at which the appellant was

present, being a party thereto; that upon the examining trial Boone Halford, Georgia Halford, C. J. Clement and Holmes Barger testified, and that this testimony was duly reduced to writing and properly authenticated.

Upon the trial in the district court, the State, having laid the predicate by showing that the absent witnesses did not reside in this State, and that their depositions taken at the examining trial were lost, etc., over the objections of counsel for appellant, proved by two witnesses what the absent witnesses swore on the examining trial. That this was proper and legitimate is now well settled. (1 Greenl. Ev., 165; Black v. The State, 1 Texas Ct. App., 368; Dunlap v. The State, 9 Texas Ct. App., 179; Sims v. The State, 10 Texas Ct. App., 166; 71 Ga., 129; Willson's Crim. Stats., sec. 2535.) There was no attempt to prove the contents of the lost depositions.

The facts proposed to be proved by John Clement under the circumstances of this case were, if not hearsay, immaterial, and there was no error in rejecting them.

The judgment is affirmed.

*Affirmed.*

Opinion delivered October 31, 1888.