MARY HAY v. MARY E. MILLER ET AL.

FILED APRIL 21, 1896.   No. 6472.

1. **Trial: SUBMISSION OF ISSUE: EXCEPTION: REVIEW.** Error as to the form in which an issue of fact in an equity cause is submitted to the jury for decision is not available in this court, where no exception was taken thereto in the trial court and the judgment is not assailed on that ground in the petition in error.

2. **Witnesses: OPINION AS TO SANITY.** A non-professional witness may give his opinion as to sanity, as the result of his personal observation of the person whose sanity or mental condition is questioned, after first stating the facts which he observed.

3. **Insanity: CANCELLATION OF CONVEYANCE.** While mere imbecility or weakness of mind in a grantor will not, in the absence of fraud, avoid his deed, insanity will do so if of such a character as to induce the conveyance, although such insanity may not amount to a complete dethronement of reason and understanding upon all subjects. *Dewey v. Allgire,* 37 Neb., 6, followed.

4. **Sufficiency of Evidence: REVIEW.** Where there was sufficient evidence properly admitted to sustain the findings, they will not be disturbed.

ERROR from the district court of Douglas county. Tried below before WALTON, J.

The opinion contains a statement of the case.

*Kennedy, Gilbert & Anderson,* for plaintiff in error:

There is no proof of mental weakness or loss of understanding at the time of making the deed, immediately before, nor at any time thereafter, sufficient to nullify the deed. (*Mulloy v. Ingalls,* 4 Neb., 115; *Dewey v. Allgire,* 37 Neb., 6.)

Testimony that the grantor at times prior to the execution of the deed possessed hallucinations and vagaries on some particular subjects; that he was an old man; that he was distrustful of persons respecting his property; that he was erratic at times; and that he asked persons to count his money, was incompetent to prove insanity. (*Prentis v. Bates,* 50 N. W. Rep. [Mich.], 637; *Cauffman v. Long,* 82 Pa. St., 72; Buswell, Insanity, 174.)

The question submitted to the jury was erroneous. It represented a question of law instead of fact from which the conclusions of law could be drawn by the court. (*Todd v. Fenton,* 66 Ind., 25; *Kempsey v. McGinniss,* 21 Mich., 123; *Walker v. Walker,* 34 Ala., 469; *Gardner v. Lamback,* 47 Ga., 133; *Young v. Stevens,* 48 N. H., 133.)

The opinion of a witness not an expert as to the mental condition of another is not competent, save in the case of a subscribing witness to a will, though based on what the witness himself saw and heard. (*Holcomb v. Holcomb,* 95 N. Y., 316; *State v. Geddis,* 42 Ia., 268; *Van Horn v. Keenan,* 28 Ill., 445; *Townsend v. Pepperell,* 99 Mass., 40.)

Non-expert witnesses may be permitted to state whether or not the acts of which they have testified are rational or irrational; but it is always for the court to determine from the facts proved whether the person is sane or insane. (*Real v. People,* 42 N. Y., 282; *O'Brien v. People,* 36 N. Y., 276; *Hewlett v. Wood,* 55 N. Y., 635; *People v. San-*

*ford,* 43 Cal., 29; *State v. Klinger,* 46 Mo., 224; *Baughman v. Baughman,* 32 Kan., 538.)

The sufficiency of the evidence must be passed upon before submission to the jury, and it was error to submit the question to the jury, there being no evidence that incapacity existed at the time of the execution of the deed. (*Thompson v. Kyner,* 65 Pa. St., 368; *Smith v. First Nat. Bank in Westfield,* 99 Mass., 611; *Kinne v. Kinne,* 9 Conn., 102; *Brown v. Torrey,* 24 Barb. [N. Y.], 583.)

*Cowin & McHugh* and *G. W. Ambrose, contra.*

NORVAL, J.

On the 25th day of October, 1890, Joseph Manning made, executed, and delivered to Mary Hay a warranty deed purporting to convey to the latter, his niece, all his real estate and personal property and effects. His property consisted of a large number of lots in the city of Florence, in the county of Douglas, and about $1,200 in money. The consideration for making the conveyance, as expressed in the deed, is "that the said Mary Hay has undertaken and agrees to furnish to the grantor a good and comfortable home in her family, and suitable support during the remainder of his natural life, and at his death a suitable burial, all at her own expense." On the 6th day of November, twelve days after the delivery of the deed, Manning died intestate at the home of Mrs. Hay, in the county of Douglas, and subsequently William Colburn was duly appointed administrator *de bonis non* of the estate of said Manning, and qualified as such officer. On the 18th day of January, 1891, Mary E. Miller, Lizzie Rogerson, John Morrisey, and Maggie Stangelan, the grandchildren and sole heirs at law of the said Joseph Manning, deceased, the said administrator joining with them, brought this action in the court below against the said Mary Hay, and William Hay, her husband, to annul and cancel said deed, on the ground that the grantor at the date of the execution of the instrument was of un-

sound mind and incapable of understanding the nature or effect of his acts, and further, that the grantee obtained the conveyance through fraud and undue influence.   No testimony was offered on the trial in support of the allegations in the petition of fraud and undue influence.   On application of the plaintiffs, the court made an order directing that there be tried by a jury the issue whether or not the said Joseph Manning at the time of the making and executing of the deed in question was of unsound mind.   Upon the hearing, the jury returned a verdict finding the said issue in favor of the plaintiffs, and that said Manning, by reason of his mental condition, was incapable of making a disposition of his property, or to realize the purport and effect of his acts when he executed the deed.   A motion to set aside the verdict and for a new trial was overruled, and thereupon the remaining issues in the case presented by the pleadings were tried to the court.   Findings in favor of the plaintiffs were made, and a decree was entered setting aside and canceling the deed, and adjudging the said grandchildren of the deceased to be the owners of the property described in the conveyance.   Mrs. Hay has prosecuted a petition in error.

Complaint is made in the brief of the form in which the issue was submitted to the jury, counsel claiming that the question propounded to the jury represented a question of law instead of one of fact from which the conclusions of law could be drawn by the court.   No exception was taken by the defendants to the form in which the question was submitted at the time the order was entered, nor was any objection made upon that ground either in the motion for a new trial or in the petition in error; hence, if there was any error in the decision, it is not available in this court.   Moreover, the question was not objectionable on the ground on which it is assailed. It submitted to the jury for their determination purely an issue of fact, namely, whether Joseph Manning, on the 25th day of October, 1890, and at the time he executed

the deed, was of "unsound mind and mentally incapable of understanding the nature and effect of said instrument."

It is urged that the court committed error in permitting non-expert witnesses for the plaintiffs to state their opinions as to the mental condition of said Joseph Manning. Counsel take the ground that the opinion of a witness not an expert is not competent to prove the sanity or insanity of another, save and except in the case of a subscribing witness to a will. Whatever may be the rule elsewhere, it is not the law in this state. As early as *Schlencker v. State*, 9 Neb., 241, it was held that the opinion of a non-professional witness is competent evidence upon the sanity or mental condition of the accused, where such opinion is based upon facts within his personal knowledge and which he has previously detailed before the jury. The doctrine announced in the above case has been followed with approval in *Polin v. State*, 14 Neb., 540; *Burgo v. State*, 26 Neb., 643; *Shults v. State*, 37 Neb., 481; *Dewey v. Allgire*, 37 Neb., 6; *Pflueger v. State*, 46 Neb., 493. In the case at bar it was disclosed that each of the non-expert witnesses called by the plaintiffs was well acquainted with Manning in his lifetime, and had sufficient opportunities of observing him, and that the witness did not give his opinion as to Manning's sanity or mental condition until after he had stated the facts to the jury upon which such opinion was based. We discover no error in the admission of the non-expert testimony prejudicial to the rights of the party now complaining.

It is finally insisted that there is no proof of mental weakness of said Joseph Manning at the time of making the deed to Mrs. Hay, sufficient to invalidate the conveyance. Numerous witnesses were examined upon this branch of the case,—about an equal number on either side,—their testimony making nearly 450 type-written pages. We have read it all, and without entering upon a detailed consideration of the evidence, it may be said that introduced upon behalf of the defendants tends to show

that Manning, when he made the deed, was perfectly sane and was capable to contract with reference to his property.   The testimony on the other side is fully as convincing, and tends to establish that Manning when he executed the deed was more than ninety years old; that for some time prior thereto, by reason of sickness and advanced age, he had been greatly enfeebled in mind and body, and when the conveyance was executed his mind was so impaired that he was wholly incapable of understanding the nature and effect of his acts.   The testimony adduced, although conflicting, when tested by the rule laid down in *Dewey v. Allgire*, 37 Neb., 6, was ample to warrant a finding that Manning was incompetent to execute the deed.   It was in that case said—we quote from the syllabus: "While mere imbecility or weakness of mind in a grantor will not, in the absence of fraud, avoid his deed, insanity will do so if of such a character as to induce the conveyance, although such insanity may not amount to a complete dethronement of reason and understanding upon all subjects."   The facts bring the case at bar within the above decision.

The finding upon the controverted issue in the case being supported by sufficient competent evidence, the decree setting aside the deed must be

AFFIRMED.