### D. CADDELL v. M. L. CADDELL ET AL.

·Decided October 27, 1910.

**1.—Deed—Mental Incapacity—Evidence.**

In a suit to annul and cancel a deed on the ground that the grantor at the date of its execution was of unsound mind and incapable of understanding the nature and effect of his acts, and that the deed was without consideration, and the grantee obtained the same through fraud and undue influence practiced upon the grantor while he was in a feeble condition mentally and physically, evidence considered and held sufficient, although conflicting, to support a judgment cancelling the deed. In determining this question it was permissible for the court, trying the case without a jury, to hear and consider proof as to the mental and physical condition of the grantor both before and after the date of the deed.

**2.—Same—Absence of Consideration.**

Provided a grantor has mental capacity to understand in a reasonable manner the nature and effect of his act, a conveyance completely executed, although unsupported by a valuable conveyance, will be upheld as against the grantor and his heirs. But it is otherwise if the grantor is wanting in mental capacity.

Appeal from the District Court of Wise County. Tried below before Hon. J. W. Patterson.

*McMurray & Gettys,* for appellant.—The highest degree of mental

soundness is not required in order to constitute capacity to make a deed; the requirement being that he have sufficient ability to weigh and consider intelligently the act of making the instrument. Insanity and the effect thereof: 11 Am. & Eng. Ency. of Law, p. 159. Sanity presumed: Williams v. Sapieha, 59 S. W., 948; 11 Am. & Eng. Ency. of Law, p. 153. Degree of insanity: 11 Am. & Eng. Ency. of Law, pp. 147-8; Pearson v. Cox, 71 Texas, 250. Merely voidable: Elston v. Jasper, 45 Texas, 413; Williams v. Sapieha, 61 S. W., 115 (Sup.). Ratification, etc.: Spicer v. Holbrook, 96 S. W., 571; Missouri, P. R. R. Co. v. Brazzil, 72 Texas, 233; Mass v. Bromberg, 66 S. W., 468; Ingram v. Ison, 80 S. W., 787.

*R. E. Carswell* and *Robt. Carswell,* for appellees.

LEVY, ASSOCIATE JUSTICE.—On February 2, 1909, M. Caddell executed to appellant, his nephew, a deed conveying to him all his real estate, consisting of several lots. The consideration for making the conveyance, as expressed in the deed, was $1400 cash in hand paid. On April 22, 1909, M. Caddell died intestate. The wife and children of deceased brought the suit to annul and cancel the deed to appellant, on the ground that the grantor at the date of execution of the deed was of unsound mind and incapable of understanding the nature or effect of his acts, and that the deed was without consideration, and the appellant obtained the deed through fraud and undue influence practiced upon the grantor while in his enfeebled mental and physical condition. The heirs also sought a partition of the lands as between themselves, if the deed should be cancelled by the court. Appellant answered by general denial. The trial was to the court without a jury, and a decree was entered setting aside and cancelling the deed and adjudging the appellees to be the owners of the property and directing a partition between them. The record does not contain any special findings of fact made by the court.

All the assignments except one are directed to the admission of testimony claimed to be incompetent. We have carefully examined these objections to the evidence, and, except as to the objections made to certain parts of the evidence of the notary public complained of in the first and second assignments, we think they should be overruled. As there is sufficient evidence, outside of the evidence of the notary public objected to, to warrant the judgment, we are of the opinion that if there were error in admitting the evidence of the notary public objected to, it would not constitute reversible error in this case.

By the nineteenth assignment appellant challenges the sufficiency of the evidence to warrant the court to invalidate the deed in suit. According to the evidence the grantor in the deed was well advanced in years when he executed the deed, and for some time prior thereto and until his death, which occurred a little more than two months after the date of the execution of the deed, he was afflicted with a severe kidney disease and was greatly infeebled in mind and body and was constantly under

the heavy influence of morphine. The status of his mental condition as to understanding the nature and effect of his acts at the time of the execution of the deed, is sharply conflicting. Without entering into a detailed consideration of the evidence, it may be said that that introduced by appellant tends to show that the grantor when he made the deed was of sane mind and fully comprehended the act he was doing. On the other side the testimony offered by appellees, outside of the notary's evidence objected to, as fully warrants the conclusion that when he executed the conveyance the grantor's mind was so impaired that he was wholly incapable of understanding the nature and effect of his acts. It is true that if the portion of the notary's evidence objected to be stricken out there remains no direct testimony that on the very day of the execution of the deed deceased was insane. But the court was authorized to consider the proof of the mental and physical condition of the grantor both before and after the execution of the deed, as we must assume he did, in determining the condition of the mind of the grantor at the time of the execution of the deed. And this proof is sufficient to support the finding of general imbecility and mental incapacity continuing all during the period before the execution of the deed and until the grantor's death afterwards.

In this connection the testimony showed, in addition to his old age and enfeebled mental and physical condition and disease, that before and after the execution of the deed he was frequently in such a state of stupor, continuing for long spells at a time, as to be very difficult to arouse, and when apparently aroused would not really understand; and that at other times, when not in such a state of stupor, his memory failed him and he talked incoherently; and at other times seemed incapable of really comprehending or remembering different acts and things. Several incidents were related of his doings and acts, that had the effect of showing that his mind was unsound. Several witnesses for appellees gave it as their opinion, based upon facts within their personal knowledge and efforts at dealings with him, which had been detailed, that for several months before his death the grantor was not mentally capable of comprehending and transacting any business matters. Considering that the disease of the kidneys was fast wasting away the already limited strength and vitality of an old man, and that this enfeebled body further enfeebled the mind that was already weakening from old age, and that added to this imbecility there was constantly working the influence of a powerful drug, and all of which ended the grantor's life in a little more than two months after the execution of the deed, the court could have fairly inferred, as we assume he did, that there was a continuing failing and loss of intellectual powers from a time before the execution of the deed until his death, and that at the time of the execution of the deed the grantor was incapacitated for apprehending the act of executing it.

Appellant by his evidence contended that he purchased the lands in controversy from M. Caddell, and that he paid $1400 therefor by credit-

ing that amount on a $2000 note held and owned by him against M. Caddell and which M. Caddell had previously executed to him to evidence a debt of that amount owing to him by M. Caddell. Appellees offered proof that the note was a forgery, and that deceased did not owe appellant anything. There is involved in the judgment of the court the finding that M. Caddell did not owe and never signed the note to appellant; and because of the conflict such finding is binding on this court. The contention of appellant, therefore, that he purchased the lands is not sustained. If, therefore, the findings of the court, which are necessarily involved in the judgment, are supported by the evidence, and we think they are, that the deed was without consideration, and that at the time of its execution the grantor was laboring under such mental and physical infirmity as to make him incapable of understanding in a reasonable manner the nature and effect of the act he was doing, then it follows that the deed is void and the decree cancelling the deed was proper. And if such degree of weak-mindedness was continuous to his death, as the court was authorized to find, and which we assume in support of his decree that he did, then the question of ratification by the grantor in lucid moments is not supported by the evidence. It is true that a deed is not necessarily void because it wants a money consideration, and that a voluntary conveyance not supported by a valuable consideration, but completely executed, will be upheld as against the grantor or his heirs. But it is also a correct principle of law that such conveyance is void and will not be upheld as against the grantor or his heirs, where at the time of its execution the grantor was laboring under such a degree of mental infirmity as to make him incapable of understanding in a reasonable manner the nature and effect of the act he was doing. 2 Pomeroy Eq. Jur., sec. 947; Story Eq. Jur., sec. 235; Hay v. Miller, 66 N. W., 1115.

Appellant further insists that the proof shows that deceased was of sufficient mental capacity to properly weigh and consider intelligently the act of making the conveyance, and that the deceased made the deed and conveyed the property to defraud his wife and defeat any of her rights and claims, and that therefore the deed can not be avoided by the grantor's heirs. The appellant in his evidence denied that the deed was made to him for such purpose. There is evidence offered by appellees going to show that deceased conceived an idea that his wife was going to sue him for a divorce and alimony, and that while in this belief he made the deed to appellant with appellant's consent. But the purpose of all the evidence in this respect on appellees' part was to show that while the grantor was in a state of imbecility and laboring under hallucinations and foolish delusions, fraud arising from imposition or undue influence was practiced upon him by appellant. And this finding by the court, which we assume the court made, was, we think, warranted by the testimony. In this connection the evidence went to show that the idea conceived by appellant that his wife intended to enter suit against him was unfounded. While laboring under this idea he tried to have his son, Elias, and his son-in-law, take a deed to the property from him, and

after his death properly convey to his children their part; and they, knowing his mental condition refused. Appellant, it seems, had the deed drawn up, and according to the proof of appellees, agreed to accept it under the same terms proposed to the son and son-in-law. The evidence further shows that deceased and the appellant were on intimate terms, and that deceased had great affection for him and reposed great confidence in him. Appellant, it is shown, was constantly with deceased and knew his condition of health and mind. It is further shown that appellant's contention that he purchased the land was not true.

Considering the mental weakness and imbecility of deceased' and the circumstances of the execution of the deed to appellant, known to appellant, his intimate relations with deceased, and his having the deed made and accepting it, there arises an inference that it was obtained by fraud arising from influence or circumvention. A deed is void and will be cancelled and annulled for fraud, arising from imposition and undue confidence or influence, practiced upon a grantor of enfeebled mind produced by old age and added mental and bodily infirmities. Ellis v. Mathews, 19 Texas, 390; McFadden v. Vincent, 21 Texas, 47; Gibson v. Fifer, 21 Texas, 260; Beville v. Jones, 74 Texas, 148; Dewey v. Algire, 55 N. W., 276; Dickson v. Kempinsky, 9 S. W., 618; Wells v. Houston, 29 Texas Civ. App., 619 (69 S. W., 183); 13 Cyc., 581. It further follows· that if' the grantor was mentally incapacitated to make a deed, as the evidence shows in this case, then it is immaterial what purpose he might have had in his mind in making same, and the heirs would not be precluded from seeking to have same annulled. By reason of the mental incapacity the deed would be void, and no title passed.

Finding no error, the judgment was ordered affirmed.

*Affirmed.*