HENDRIX v. BRAZZELL et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 19, 1913.)

1. FRAUDS, STATUTE OF (§ 150*)—DEMURRER —RAISING DEFENSE.

The petition, not showing on its face that the promise of defendant to pay the debt of his mother, on which it is based, was a verbal one, is not subject to general demurrer.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 360–362; Dec. Dig. § 150.*]

2. FRAUDS, STATUTE OF (§ 152*)—NECESSITY OF PLEADING.

The statute of frauds, to be availed of, must be pleaded.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 363–366, 371, 372; Dec. Dig. § 152.*]

3. VENUE (§ 32*)—PLEA.

The allegations of the petition conferring jurisdiction, under Rev. Civ. St. 1911, art. 1830, cl. 4, over the person of a defendant on the court in which the action was brought, the issue of his privilege of being sued in the county of his residence must be raised by plea

alleging averments of the petition were fraudulently made to confer such jurisdiction; and a mere exception to the petition on such ground is insufficient.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

4. TRIAL (§ 75*)—OBJECTIONS TO EVIDENCE— REPETITION—NECESSITY.

Objection to testimony is waived by other witnesses being permitted without objection to testify to substantially the same effect.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 171–182, 202; Dec. Dig. § 75.*]

Appeal from Somervell County Court; J. H. Farr, Judge.

Action by J. W. Brazzell against O. B. Hendrix and another. Judgment for plaintiff. Defendant Hendrix appeals. Affirmed.

C. D. Spann, of Rising Star, and Theodore Mack, of Ft. Worth, for appellant: Levi Herring, of Glen Rose, and Simpson & Myres, of Ft. Worth, for appellees.

CONNER, C. J. [1] We think appellant's general demurrer must be overruled. In Byrd v. Ellis, 35 S. W. 1070, and Low, Adm'r, v. Felton, 84 Tex. 378, 19 S. W. 693, it is held, in effect, under the circumstances alleged by the appellee in his petition, that appellant, as the heir of his mother and as having received her estate in excess of the amount of the claim sued upon, would be personally liable. If so, it is quite clear that plaintiff's petition states a cause of action. This principle, however, seems to have been questioned if not decided otherwise in the case of Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931, stating that in such cases the remedy against the heir is for the enforcement of the lien given by law; but, however this question may be, we do not now find it necessary to decide, inasmuch as we think the plaintiff's petition is good as against general demurrer on the promise of appellant to pay the debt of his mother. On the face of the petition this promise does not appear to have been a verbal one, nor in defendant's answer does it appear that the statute of frauds has been pleaded, or that the consideration for the promise has been attacked, so that, as stated, we think the petition is good as against the general demurrer, and the first and sixth assignments of error, presenting substantially the same question, are accordingly overruled.

[2] The second assignment, complaining of the court's failure to submit the issue involving the statute of frauds, must be overruled for the reason before stated, viz., that defendant did not plead such statute.

[3] The third, fourth, and fifth assignments urging errors relating to appellant's plea of privilege, must all be overruled on the ground that the plea was insufficient. The plaintiff clearly alleged in his petition that the claim upon which he sued had been

transferred and guaranteed to him by Mrs. Kidwell, and further alleged that Mrs. Kidwell was a resident of Somervell county. These allegations clearly conferred jurisdiction over appellant's person in Somervell county by virtue of the fourth clause of Revised Statutes, art. 1830, and in order to raise the issue of appellant's privilege of being sued in the county of his residence it was necessary that he allege that the allegations relating to the transfer and guaranty had been made for the fraudulent purpose of conferring jurisdiction in Somervell county. This was not done. True, appellant presented an exception to the plaintiff's petition on this ground; but the petition on its face did not show the fact, which to be available should have been presented in the plea itself. See Cleveland v. Campbell, 38 S. W. 219; A., T. & S. F. Ry. Co. v. Williams, 38 Tex. Civ. App. 405, 86 S. W. 38; So. Pac. Ry. Co. v. Meadors & Co., 129 S. W. 171.

[4] In the seventh assignment complaint is made of the court's ruling in permitting Mrs. Kidwell to testify to certain statements of appellant's mother; but, whether these statements be regarded as hearsay or not, we think the assignment presenting the question must be overruled on the ground that several other witnesses were permitted to testify without objection to substantially the same effect. In such cases, as has often been held, the objection must be considered as waived.

The only remaining assignment questions the form of the judgment; but, after an examination, we conclude that the criticism thereof is not substantial, and that the judgment considered as a whole is final.

No reversible error as presented having been found, the judgment will be affirmed.