No. 2668.

Second Circuit

McKINNEY GRAIN CO. v. BANK OF

COTTON VALLEY

(November 6, 1926. Opinion and Decree.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Banks—Par. 71.**

Bank receiving draft for collection at distant point, in absence of instruction from depositor to send it to particular bank, is responsible for negligence of bank to which it intrusted draft; but in such case there is no privity of contract between depositor and bank to which draft was intrusted.

> Martin vs. Bank, 127 La. 301, 53 South. 572.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster, Hon. J. S. Richardson, Judge.

Action by the McKinney Grain Co. against the Bank of Cotton Valley.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. F. McInnis, of Minden, attorney for plaintiff, appellant.

Lee and Lindsey, of Minden, attorneys for defendant, appellee.

REYNOLDS, J.   This case was submitted for decision on an agreed statement of facts, from which it appears that plaintiff, a resident of McKinney, Texas, deposited in the Central State Bank of that place for collection two drafts, one for $850.38 and the other for $1,011.22, drawn by it on Cole Brothers of Cotton Valley, Louisiana.

To each of these drafts was attached a bill of lading for a carload of corn.

The bills of lading were issued to shipper's order, and the bank was instructed by the forwarding bank not to surrender them unless and until the drafts were paid.

The Bank of Cotton Valley, in violation of the orders under which it received the drafts for collection, surrendered the bills of lading to Cole Brothers without payment of the drafts and that Cole Brothers thereby obtained possession of the corn from the carrier.

Thereafter the Bank of Cotton Valley transmitted to Central State Bank of McKinney two checks signed by Cole Brothers drawn on it in favor of Central State Bank in payment for the two cars of corn and that the checks were presented for payment by the Central State Bank but were not paid.

That the Bank of Cotton Valley closed its doors on April 13, 1925, and was taken charge of by the State Bank Examiner for liquidation about May 11, 1925.

Plaintiff seeks to hold the Bank of Cotton Valley for the amount of the drafts because of its surrender of the bills of lading without payment of the drafts in violation of its instructions.

The defense is that there was no privity of contract between plaintiff and the Bank

of Cotton Valley and therefore plaintiff cannot maintain the action.

On these issues the case was tried and there was judgment rejecting plaintiff's demands and dismissing its suit and it has appealed.

## OPINION

In an able and well-written brief counsel for plaintiff cite numerous common law authorities in support of their contention that there was a contractual relation between plaintiff and defendant. Their contention is forceful and if the question were res nova in Louisiana we would find some difficulty in reaching a decision.

In Taylor & B. Co. vs. National Bank, 262 Fed. 170-172, the court said:

"Holding owner depositing commercial paper for collection cannot sue correspondent bank for negligence, his remedy being against bank with which he had contracted."

In First National Bank, etc., vs. Quinby, 62 Tex. Civ. 418 (131 S. W. 432), it was held that a bank receiving a draft for collection at a distant point, in absence of instruction from depositor to send it to a particular bank, is responsible for subagents employed in collection.

And in Martin vs. Hibernia Bank & Trust Co., 127 La. 307, 53 South. 572, the Supreme Court of Louisiana said:

"A subagent employed by the agent is not a substitute in the sense of the Civil Code. The case is therefore governed by the general principles of commercial law. If the check had been forwarded by the Arcola State Bank as collecting agent, that institution would have been liable to the plaintiff for any loss occasioned by the conduct of its subagent, between whom and plaintiff no privity existed."

Under this authority, the ruling of the learned district judge was correct. It is therefore ordered that the judgment appealed from be affirmed with costs.