### JOHNSON v. POINDEXTER et al.
#### (No. 466.)

Court of Civil Appeals of Texas. Eastland. June 22, 1928.

Rehearing Denied Sept. 14, 1928.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, and Otis Bowyer, of Baird, for appellant.

Scarborough & Wilson, of Abilene, for appellees.

LESLIE, J: This is a suit in which the last will and testament of Mrs. Mary Johnson, executed February 21, 1916, is being contested on the ground that its execution was procured by undue influence exerted upon the testatrix by her son, Will Johnson. The first trial resulted in a verdict and judgment adverse to the proponent of the will upon the ground mentioned. On appeal the judgment was affirmed by this court. 288 S. W. 575. Later the judgment of the trial court and the Court of Civil Appeals was reversed by the Supreme Court in an opinion by the Commission of Appeals, reported in 293 S. W. 558. The reversal was based upon the admission of improper testimony. Upon the second trial the instrument tendered for probate was again condemned by the verdict and judgment of the trial court, for the same reason.

Will Johnson, executor and proponent of the will, appeals, and presents three propositions under four assignments of error, by which it is asserted that the trial court committed reversible error on the second trial. For a clear and comprehensive statement of the cause of action as well as the substance of the testimony, reference may be had to the opinion by Chief Justice Pannill, of this court, as the same is reported in 288 S. W. 575. In those respects wherein the testimony on the last trial differs from that on the first, the record will be adverted to, when essential to an understanding of the propositions under consideration.

The appellant's first proposition under assignments 1 and 2 assails the action of the trial court (1) for not instructing the jury to return a verdict in favor of the proponent of the will; and (2) because the verdict and judgment thereon are contrary to the law and evidence.

As we interpret this proposition, appellant's contention is that there is no testimony in the record to show that any undue influence was ever exercised by Will Johnson over his mother to procure the execution by her of the will in question. The salient attack under this proposition is that there is no evidence in the record of undue influence, except the testimony of certain witnesses to the effect that Will Johnson made admissions, statements, and declarations exhibiting hostility toward the contestants, and evidencing a design to have his mother exclude them from the benefits of her will, and that, such admissions, statements, and declarations being incompetent evidence, the testimony thereof, although not objected to, proved nothing, and should not be considered for any purpose. In other words, eliminating as incompetent the testimony of such admissions, etc., there remains in the record no evidence whatever authorizing the submission to the jury of the issue of undue influence. Of course, such testimony, if it be incompetent, regardless of whether any objections were made thereto in the trial court or not, could not be used by this court for any purpose. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

The specific objection to the competency of said testimony is that it was rendered inadmissible by reason of the fact that under Mary Johnson's will there were four legatees, and, no conspiracy having been alleged or shown to exist between said legatees, the acts and declarations of Will Johnson alone proved nothing, and that although, as a general rule, the acts and declarations of a party to the record are received in evidence against him, yet there is an exception to the rule where there are several parties to the same side and mutually affected, as in the instant case of the four legatees, and that in such instances the admissions and statements of

one in a contest of this nature are not permitted to be introduced in evidence, where the interest of others not participating in the fraud or undue influence might be affected.

In support of this contention the appellant cites Dennis v. Neal et al., 71 S. W. 387, an opinion by the Austin Court of Civil Appeals. As conceded by the attorneys for appellees, the authority seems to be in point on the proposition stated. That authority was not discussed or referred to in a later opinion by our Supreme Court in the case of Scott et al. v. Townsend, 106 Tex. 322, 166 S. W. 1138. In the first place, we do not believe that the holding of the court in Dennis v. Neal et al., supra, which does not appear to have come under the observation of the Supreme Court, represents the great weight of authority.

Second, we do not believe that the exclusion of testimony of relevant acts and declarations of a legatee charged with the exercise of undue influence in the procurement of a will can be supported by any sound reason. The primary consideration always to be borne in mind is the existence of a valid will, free from the taint of fraud or undue influence. No other character of will can have or should have any legal standing, and it occurs to us that there can be no rule of evidence which, in effect, establishes a vested interest in any legatee to property under a will thus tainted, regardless of whether he participated in the original fraud and undue influence or not. As we conceive it, no one is specially entitled to a benefit conferred upon him by or derived through an act conceived in fraud, or which is the result of an influence condemned by law. If such were the case, it would soon be a very rare occurrence, indeed, where the designing legatee who exercised the undue influence did not associate with him, at least to a limited extent, some innocent person whose name and interest could always be brought forward upon a trial of this kind as a reason why his own pernicious acts and declarations should not be admitted upon the trial of the important issue involved.

■ Third, we believe that the acts and declarations of Will Johnson were admissible for the reasons—sufficient within themselves—stated in the late case of Scott v. Townsend, supra. That is an exhaustive opinion by our Supreme Court, through Justice Phillips. Many authorities are there cited, and numerous reasons for the admission of such testimony are set forth with the usual vigor and logic of that eminent jurist. As we interpret it, it furnishes a safe basis and foundation for the conclusions herein reached by us pertaining to the admission of the testimony of said declarations and statements.

Aside from the specific testimony above discussed, we believe that the other testimony embodied in this record required the court to submit the issue in question to the jury, and after a careful consideration of the testimony we believe it is sufficient to support the verdict and the judgment. The first proposition is overruled.

■ The second proposition is not well taken. Complaint is made that the ·court erred in permitting the witnesses Mrs. Poindexter and Mrs. Likens to give certain testimony that they worked on the farm, took care of the crops, attended to cattle, etc. It appears that at another stage of the trial the same character of testimony was given by the witness Lily Belcher. Her testimony in that respect was not objected to by the appellant. This amounted to a waiver of the objections made in the first instance to the testimony elicited from the first named witnesses. Hendrix v. Brazzell et al. (Tex. Civ. App.) 157 S. W. 280; City of San Antonio v. Potter, 31 Tex. Civ. App. 263, 71 S. W. 764 (error denied); Southland Life Ins. Co. v. Hopkins (Tex. Civ. App.) 219 S. W. 254.

■ Further, we are of the opinion that the said testimony to the effect that, when their father moved to Callahan county, he owned no property; that they worked on the farm, took care of the crop, and watered the stock, etc., when their father was away, was legitimate. It tends to show the relationship existing between the daughters and their parents. It evidences a harmony and co-operation in family life, and where, as in the instant case, it is contended that the deceased's will contains provisions exhibiting unwarranted partiality on her part toward those who should ordinarily be the natural objects of her bounty at a time when interest in material considerations fade, we believe such testimony was pertinent to enable the jury to ascertain and determine whether or not the will was, in fact, the uncolored product of a mind uninfluenced by fraud or undue considerations. The fact that a will is unnatural, unreasonable, or unjust in the distribution of property is a circumstance to be considered by the jury in connection with other evidence bearing on the question whether the will is the result of undue influence. 28 C. J. § 103, p. 148. The testimony complained of in this instance, in connection with other testimony, merely tended to establish the relationship of the parties, and sheds such light upon the controverted issue as would enable the jury to determine the existence vel non of undue influence. For each of the reasons assigned, proposition No. 2 is overruled.

■ By proposition 3 error is predicated upon the action of the trial court in permitting the attorney for appellees to ask Will Johnson, proponent of the will, while on the witness stand, if during the late war, and about 1917, he did not, in filling out a questionnaire to the federal government, state that he was engaged in an agricultural enterprise; that he was part owner and managing head of the same, and that he was a laborer and did general farm work, and was manager of the en-

terprise; that he had under his control and cultivation 1,890 acres of land, referring to the Mrs. Mary Johnson ranch. The proponent of the will excepted to the questions asked, and the answers made, "on the ground that the same is immaterial and irrelevant, did not tend to prove any issue in the case, and was highly inflammatory, and evidently made for the purpose of unduly influencing the jury."

The answers of the witness were to the effect that he did not know what was in the questionnaire nor whether he answered them as indicated by the question or not. The questionnaire was not introduced in evidence, and the reference made to it in the cross-examination of the witness, relative to his statements therein, pertained merely to his alleged management and control of his mother's property from the date of the will to the time of her death. This line of testimony was legitimate, as tending to show opportunity with respect to time and place for the exertion by Will Johnson of undue influence upon his mother, to induce her to execute the will, and to show the existence at the time of its execution, and the continuation thereof, of such relation as might prevent or hinder his mother from revoking or modifying the will. Suhre v. Kott et al. (Tex. Civ. App.) 193 S. W. 417.

With this consideration in mind, and the testimony of Will Johnson on this trial being to the effect that he did not have charge, control, and management of his mother's property, and that he merely rented it as any other hand, it occurs to us that the questions asked were but in line with proper cross-examination, and since the questionnaire was not introduced in evidence, and nothing was done or said that could have impressed the jury with the idea that the witness had at any time endeavored to avoid military duty, it is believed no harm resulted to the appellant by reason of the questions and answers complained of under proposition 3, and it is therefore overruled.

For the reasons assigned, the judgment of the trial court is affirmed.